# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND
### *Southern Division*

|  |  |  |
|---|---|---|
| | * | |
| **KATHERINE VERONICA REIG,** | * | |
| Appellant, | * | |
| v. | * | Case No.: PWG-12-3518 |
| **WELLS FARGO BANK, N.A.,** | * | |
| | * | |
| Appellee. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION AND ORDER

This Memorandum Opinion and Order addresses Appellee Wells Fargo Bank, N.A.'s Motion to Dismiss for Lack of Jurisdiction over Bankruptcy Appeal, ECF No. 4; *pro se* Appellant Katherine Veronica Reig's Response, ECF No. 6; and Appellee's Reply, ECF No. 7. Having reviewed the filings, I find that a hearing is unnecessary in this case. *See* Fed. R. Bankr. P. 8012. For the reasons stated herein, Appellee's Motion to Dismiss is GRANTED. This Order disposes of ECF Nos. 4, 6, and 7.

Appellant is a co-debtor in a Chapter 13 bankruptcy proceeding before the United States Bankruptcy Court for the District of Maryland, in which Jorge Eduardo Reig is the debtor. Bankr. ECF No. 21. When the Debtor filed his Chapter 13 Voluntary Petition, most collection actions against the Debtor and the Debtor's property were automatically stayed. *See* 11 U.S.C. § 362. On September 11, 2012, Bank of America filed a Motion and Notice of Motion for Relief from the Automatic Stay and Co-Debtor Stay in Bankruptcy Court. Bankr. ECF No. 21. Bank

1

of America sought relief from the automatic stay because the Debtor had failed to make three monthly post-petition payments. *Id.* Bank of America sought to "exercise its remedies under its Purchase Money Deed of Trust and Maryland law, including, but not limited to, foreclosure upon the sale of real property located at 201 Galyn Drive, Brunswick, MD 21758...." *Id.* On October 22, 2012, the Bankruptcy Court entered its Order Granting Relief from the Automatic Stay and Co-Debtor Stay. Bankr. ECF No. 32.

Appellant sought to appeal the Bankruptcy Court's Order by filing a Notice of Appeal on November 8, 2012. ECF No. 1. In its Motion to Dismiss, the Appellee contends that the Appellant's Notice of Appeal was not timely filed. Appellee's Mem. 3, ECF No. 4-1. The Appellee argues that this Court lacks jurisdiction to hear the appeal because the timely filing of a notice of appeal is a jurisdictional requirement, Appellee's Mem. 4, and therefore the appeal must be dismissed. *Id.* In response, the Appellant contends, *inter alia*, that she did not receive any correspondence concerning the bankruptcy proceeding prior to November 9, 2012. *See* Appellant's Resp. 1. The Appellant argues that she was denied her "right to object to the action . . . ." *Id.* Additionally, the Appellant contends that any notices she received did not allow her to make a "reasonably well-informed decision" as to whether she should object to the proposed action. *Id.* at 2. Appellee insists that Appellant was given notice of the Motion for Relief from Automatic Stay and Co-Debtor Stay and the Bankruptcy Court's Order granting that motion. Appellee's Reply 2.

This Court has jurisdiction to determine, as a threshold matter, whether a notice of appeal has been timely filed, but it ultimately will lack jurisdiction to hear the appeal if the appeal was not timely filed. *AgSouth Farm Credit, ACA v. Bishop (In re Craig Lewis Bishop)*, 333 B.R. 746, 748 n.3 (D.S.C. 2005). Bankruptcy Rule of Procedure 8002, "Time for Filing Notice of

Appeal," provides that a "notice of appeal shall be filed with the clerk within 14 days of the date of the entry of the judgment, order, or decree appealed from." Fed. R. Bankr. P. 8002(a). Bankruptcy Rule of Procedure 8002(a) has been "strictly construed" and requires "strict compliance" with its terms. *AgSouth*, 333 B.R. at 748 (quoting *In re Hotel Syracuse*, 154 B.R. 13, 15 (N.D.N.Y. 1993) (footnote omitted)). As noted, on October 22, 2012, the Bankruptcy Court entered an Order Granting Relief from the Automatic Stay and Co-Debtor Stay. Therefore, the deadline to file a timely notice of appeal of the Bankruptcy Court's Order was November 5, 2012.[1] The Appellant's Notice of Appeal was received by the Bankruptcy Clerk's Office on November 8, 2012. Bankr. ECF No. 35. The Appellant's Notice of Appeal in this case was not timely filed. *See Olslund v. Bellinger*, Civ. No. RDB–11–2800, 2012 WL 246440 at *1 (D. Md. Jan. 25, 2012) (finding, *inter alia*, that the *pro se* Appellant who was a licensed attorney "clearly did not timely file a Notice of Appeal" because "Appellant was required to file notice of appeal by September 9, 2011 and did not do so until September 13, 2011."); *see also*

---

[1] Bankruptcy Rule of Procedure 9006(f) provides that "[w]hen there is a right or requirement to act or undertake some proceedings within a prescribed period after service and that service is by mail or under Rule 5(b)(2)(D), (E), or (F) F. R. Civ. P., three days are added after the prescribed period would otherwise expire under Rule 9006(a)." However, the three day extension provided by Bankruptcy Rule 9006(f) does not apply to the filing of a notice of appeal because the time for filing an appeal runs from the date the order at issue was entered, not from the time of service. *See* Fed. R. Bankr. P. 8002(a) ("The notice of appeal shall be filed with the clerk *within 14 days of the date of the entry* of the judgment, order, or decree appealed from.") (emphasis added); *see also Parker v. N.C. Agr. Fin. Auth.*, 341 B.R. 547, 554 (E.D. Va. 2006) (noting that "an appeal from a bankruptcy court decision must be filed within 10 calendar days of the date of entry of the order at issue....") (internal citation omitted); *Arbuckle v. First Nat'l Bank of Oxford (In the Matter of Darrell Arbuckle, et al.)*, 988 F.2d 29, 31 (5th Cir. 1993) ("The time for filing a notice of appeal from the bankruptcy court to the district court is governed by Bankruptcy Rule 8002(a). 'The notice of appeal shall be *filed* with the clerk of the bankruptcy court within 10 days of the date of the *entry* of the judgment, order, or decree appealed from.' *Id.* (emphasis added). The allegation that Debtors did not receive actual notice of the entry of the Order until three days prior to the end of the appeal period is irrelevant. The period begins to run from the date of the Order's entry, not from the date of its service. *Id.*").

*Knarf Investments v. Reid (In re James E. Reid)*, No. L–02–1891, 2002 WL 34248549 at *1 (Bankr. D. Md. July 26, 2002).[2]

Courts in the Fourth Circuit repeatedly have held that "if a prospective appellant fails to timely file his notice of appeal, the District Court is stripped of its jurisdiction to hear the appeal." *Chien*, 484 B.R. at 663 (citing *Smith v. Dairymen, Inc.*, 790 F.2d 1107, 1111 (4th Cir. 1986)); *Olslund*, 2012 WL 246440 at *1 ("Rule 8002(a) of Federal Rules of Bankruptcy Procedure states that such a notice must be filed within 14 days of the entry of the order being appealed. This is a jurisdictional requirement. Failure to comply with this requirement results in the dismissal of an appeal." (citing *Ballard v. Tamojira, Inc.*, 106 F.3d 389 (4th Cir. 1997)); *AgSouth*, 333 B.R. at 748; *see also Parker*, 341 B.R. at 554 (citing, *e.g.*, *Stelpflug v. Fed. Land Bank of St. Paul*, 790 F.2d 47, 49 (7th Cir. 1986)). Because the Appellant's Notice of Appeal was not timely filed, this Court does not have jurisdiction.

---

[2] With respect to a notice of appeal in a bankruptcy case, the Fourth Circuit follows the "mailbox rule": the Fourth Circuit considers a notice of appeal to be "filed" when it is placed in the mail. *See Chien v. Commonw. Biotechnologies, Inc.*, 484 B.R. 659, 663 (E.D. Va. 2012) (citing, *e.g.*, *Hovermale v. Pigge (In the Matter of George Beverly Pigge)*, 539 F.2d 369, 371 (4th Cir. 1976)). Even under the Fourth Circuit's interpretation of the date that an appeal from a bankruptcy court order is considered to be "filed," the Appellant in this case would not have filed a timely appeal. The Appellant did not provide a Certificate of Service with her notice, and there is no evidence that would allow the Court to determine when the Notice of Appeal was "placed in the mail" or conveyed to the Bankruptcy Clerk's Office. However, the Appellant in this case signed her Notice of Appeal on November 6, 2012, one day after November 5, 2012, the last day on which the filing of a Notice of Appeal would be considered timely.

For the foregoing reasons, Appellee's Motion to Dismiss must therefore be GRANTED.

A separate order will be entered.

Sincerely,

/S/ 6/25/13

Paul W. Grimm
United States District Judge

kb